IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERRI A. STARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12 C 3427 |
| v. ) | |
| ) | Magistrate Judge |
| CAROLYN W. COLVIN, Acting ) | Maria Valdez |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Sherri Stark's claims for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 15] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied.

## BACKGROUND

### I. PROCEDURAL HISTORY

On June 12, 2009, Stark filed a claim for disability benefits, alleging disability since March 21, 2009 due to degenerative disk disease, disk bulging, ankle enthesopathy following numerous surgeries, spinal pain, and fibromyalgia.

---

[1] Carolyn W. Colvin is substituted for her predecessor, Michael J. Astrue, pursuant to Federal Rule of Civil Procedure 25(d).

The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 18, 2010. Claimant personally appeared and testified at the hearing and was represented by a non-attorney representative. Medical expert Bernard Stevens, M.D. and vocational expert Edward Steffan also testified.

On January 12, 2011, the ALJ denied Claimant's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Claimant's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II.   ALJ DECISION

The ALJ found at step one that Stark had not engaged in substantial gainful activity since her alleged onset date of March 21, 2009. At step two, the ALJ concluded that Claimant had severe impairments of degenerative disc disease of the lumbar spine, fibromyalgia, status post multiple foot surgeries for neuromas and bone deformities, and depression. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a Listing. The ALJ then determined that Stark retained the RFC to perform sedentary work with limitations on climbing, exposure to unprotected heights or uneven terrain. In addition, Plaintiff was limited to simple, routine, repetitive tasks without specification as to the number of steps required to complete the task; low stress

2

work with only occasional changes in the work setting; and only occasional interaction with coworkers. At step five, based upon the VE's testimony and Stark's age, education, work experience and RFC, the ALJ concluded that Claimant can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

I.  **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The claimant bears the burden of proof at steps 1–4. *Id.*

Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a claimant, "he must build an

4

accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Stark argues that the ALJ's decision was in error for several reasons, including: (1) it erroneously adopted the testimony of the medical expert over the opinions of her treating physicians; and (2) it failed to properly evaluate her credibility.

Claimant argues that the ALJ failed to follow the "treating physician rule" by not appropriately weighing the opinion of her treating physicians, instead giving too much weight to Dr. Stevens, the testifying expert. An ALJ must give controlling

5

weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *Scott*, 647 F.3d at 739. The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See id.*

Dr. Jennifer Crane had seen Plaintiff since 2008 for multiple medical issues. On December 13, 2009, Stark reported to Dr. Crane that her back was worsening and she was having difficulty working. However, she again reported that manipulation was helping her back pain. (R. 515.) Dr. Crane submitted a letter dated November 25, 2009 stating that she recommends that Stark "quit working as of December 4th, 2009 due to chronic medical illness." (R. 550.) Dr. Crane's December 31, 2009 notes state that Stark's "[c]hronic back pain is stabilized again but still severe." (R. 510.) They also reflect Dr. Crane's earlier recommendation "that [Stark] stop work due to pain associated with working. Had to stop her other job already." (R. 511.) The notes further recommended that Stark use an exercise bike. (*Id.*)

Dr. Crane submitted another letter dated May 12, 2010, stating that Stark had "severe myalgia and cervical and lumbar dysfunction" and that "[s]he is unable

6

to work at any type of occupation now due to severe foot, back and neck pain. She is unable to sit or stand for prolonged periods of time and due to medications which she is taking for these conditions she must use caution if she drives. I have advised her on multiple occas[ ]ions that I do not recommend she work. I do not feel she is able and feel that working has and will exacerbate her symptoms and cause decline of her disease." (R. 549.)

In assigning no weight to Dr. Crane's opinions, the ALJ stated that her statements were conclusory and not consistent with the medical record, including Dr. Crane's own records. Specifically, the ALJ found that Dr. Crane's recommendation that Plaintiff walk daily (and Plaintiff's report that it helped her) to be inconsistent with a claim of total disability. The ALJ was correct in finding that Dr. Crane's ultimate conclusion that Stark was "unable to work" does not entitle her to benefits, as the issue of disability is reserved solely for the Commissioner. *See Clifford*, 227 F.3d at 870. However, the analysis does not end there, because even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308. In this case, the ALJ did not adequately discuss Dr. Crane's opinion with respect to the exacerbation of her pain and other symptoms as well as the side effects of Stark's medications.[2] For example, the fact that Dr. Crane recommended that Stark walk for exercise did not, by itself, suggest that Stark could do so for up to two hours in a workday. In addition, although the medical

---

[2] At the time of the hearing, Stark's medications included two narcotic pain relievers, a Fentanyl patch and Norco (hydrocodone/acetaminophen); a muscle relaxer; Lyrica; and anti-depressants.

7

expert opined that the side effects would not interfere with her ability to work, his statement that "the side effects that make you drowsy and such usually wear off after you've been on a medication for a couple of months," (R. 75-76), was itself conclusory and did not refer to any particular medications Plaintiff was taking or explain the basis for his blanket assessment.

Similarly, the ALJ did not adequately assess Plaintiff's credibility with respect to her subjective claims of disabling pain. An ALJ's credibility determination is granted substantial deference by a reviewing court unless it is "patently wrong" and not supported by the record. *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2007); *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *see also Elder*, 529 F.3d 413 (holding that in assessing the credibility finding, courts do not review the medical evidence *de novo* but "merely examine whether the ALJ's determination was reasoned and supported"). However, an ALJ must give specific reasons for discrediting a claimant's testimony, and "[t]hose reasons must be supported by record evidence and must be 'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Lopez*, 336 F.3d at 539-40 (quoting *Zurawski*, 245 F.3d at 887-88); *see* SSR 96-7p, 1996 WL 374186, at *4 (S.S.A. 1996). Pursuant to SSR 96-7p(4),[3] a claimant's statements about the intensity or persistence of symptoms cannot be disregarded solely because they are

---

[3] Interpretive rules, such as Social Security Regulations ("SSR"), do not have force of law but are binding on all components of the Agency. 20 C.F.R. § 402.35(b)(1); *accord Lauer v. Apfel*, 169 F.3d 489, 492 (7th Cir. 1999).

8

not substantiated by objective medical evidence. *Bjornson v. Astrue*, 671 F.3d 640, 646 (7th Cir. 2012). When evaluating a claimant's credibility, the ALJ must also consider "(1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions." *See Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir. 2004); *see* SSR 96-7p at *3. When the claimant attends an administrative hearing, the ALJ "may also consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements." SSR 96-7p at *5.

The ALJ was "not persuaded that the claimant's intense episodes of pain have been so frequent or long lasting that they have precluded all work at all exertional levels at all times material to this decision. Although the claimant has received treatment for the allegedly disabling impairments, that treatment has been essentially routine and/or conservative in nature. Additionally, the claimant has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (R. 39-40.)

Plaintiff's complaints of daily pain are not contradicted by her medical history, and the ALJ's credibility determination failed to identify any of her daily activities that are inconsistent with the level of pain claimed, let alone consistent with the ability to perform competitive work without being off task for substantial periods of time.[4] *See Clifford*, 227 F.3d at 870 (finding that an ALJ failed to explain how a claimant's daily activities were inconsistent with the medical record). Indeed, the only daily activities mentioned in the ALJ's opinion were cooking and doing housework at her own pace, walking her dog, and sitting for fifteen to twenty minutes at a time and walking slowly for two blocks. The ALJ also noted that Stark had trouble sleeping due to an inability to lie flat, increased difficulty standing and moving around or performing personal care and household chores, and rarely drove due to the side effects of her medication. It is unclear which of these daily activities led the ALJ to conclude that Stark could stand and walk for up to two hours in an eight-hour workday without being off task. On remand, the ALJ is directed to more thoroughly analyze Plaintiff's complaints of pain and the side effects of her medications, as they relate to her ability to perform even sedentary work.

---

[4] The vocational expert testified that there would be no jobs in the economy for a person who would need more than a ten to fifteen minute break, other than the lunch break; could not work two hours at a time; and would need more than eight to ten days off in the course of a year. (R. 80.)

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 15] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                                         **ENTERED:**

**DATE:**    **January 22, 2015**  
                                                          **HON. MARIA VALDEZ**  
                                                          **United States Magistrate Judge**